UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HOSKINS,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO and SAN DIEGO POLICE DEPARTMENT OFFICER DOES 1–4.<br><br>       Defendants. | Case No.: 24-cv-01488-AJB-DTF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>**(Doc. Nos. 10; 11)** |

   Before the Court are two motions to dismiss Plaintiff Nicholas Hoskins's ("Plaintiff") complaint, the first filed by the City of San Diego (the "City") and the second filed by the San Diego Police Department Officer Does 1–4 ("Defendant Officers") (collectively, "Defendants"). (*See* Doc. Nos. 10; 11.) For the following reasons, the Court **GRANTS in part and DENIES in part** Defendants' motions to dismiss.

## I. BACKGROUND

   On May 9, 2024, Plaintiff was driving his car to pick up his son from school. (Doc. No. 1, "Compl.", ¶ 20.) While driving, Plaintiff came to a complete stop at a stop sign and then proceeded. (*Id.* ¶ 26.) Defendant Officers initiated a traffic stop near the 805-north

ramp. (*Id.* ¶ 21.) Plaintiff pulled his car over to the side of the highway, where two police cars parked behind his vehicle and two parked in front. (*Id.* ¶¶ 22–23.)

Defendant Officers 1–2 approached Plaintiff and informed him he was being pulled over for allegedly failing to make a complete stop at a stop sign. (*Id.* ¶¶ 24–25.) Despite the allegation being false, Defendant Officers 1–2 asked Plaintiff for his license and registration, which Plaintiff provided. (*Id.* ¶¶ 26–28.) Plaintiff's license and registration were valid and current. (*Id.* ¶ 29.) While Defendant Officer 1 returned to his patrol car with Plaintiff's license and registration, Defendant Officer 2 asked Plaintiff a series of questions, which Plaintiff answered truthfully. (*Id.* ¶¶ 30 – 39.) When Defendant Officer 1 returned to Plaintiff's vehicle, he handed Defendant Officer 2 Plaintiff's driver's license and registration. (*Id.* ¶ 40.)

Despite nothing suggesting Plaintiff was armed or presently dangerous, Defendant Officer 2 continued to ask Plaintiff questions and then directed Plaintiff to undo his seatbelt and get out of the vehicle in order for the officers to search the car for weapons. (*Id.* ¶¶ 41–49.) Plaintiff politely asked for his documents back and requested Defendant Officers call a supervisor. (*Id.* ¶ 51.) Instead, Defendant Officer 2 told Plaintiff again to open the door and undo his seatbelt "because he did not want to have to do it for him." (*Id.* ¶ 53.) Plaintiff repeatedly asked what probable cause Defendant Officers had to search him and his car and to speak with a supervisor. (*Id.* ¶¶ 54–56.) Plaintiff again told Defendant Officer 2 there was nothing dangerous in the car, but Defendant Officer 2 responded that he "just want[ed] to make sure." (*Id.* ¶¶ 57–58.) Plaintiff reiterated there were no weapons in the car, he was not a danger, and his request to speak with a supervisor. (*Id.* ¶ 60.) Plaintiff did not use force against, act violently tworad, or act threateningly toward any officer. (*Id.* ¶ 64.)

At this point, Defendant Officers 3–4 exited their patrol cars and surrounded Plaintiff's vehicle. (*Id.* ¶ 63.) Defendant Officer 3 hit Plaintiff's front passenger window no less than ten times, smashing the window and spraying glass across Plaintiff. (*Id.* ¶¶ 66–68.) Defendant Officers pulled Plaintiff from his car, handcuffed, searched, and arrested

him, and placed him in the back of a police car for hours. (*Id.* ¶¶ 70–71.) Defendant Officers search Plaintiff's backpack and car, including the trunk, without a warrant or consent. (*Id.* ¶ 72.)

Defendant Officers transported Plaintiff to San Diego Central Jail and eventually released him, giving Plaintiff a notice to appear in Court for the misdemeanor of resisting arrest. (*Id.* ¶ 73.) Defendant Officers directly wrote or helped each other write reports they knew contained fabrications regarding the incident, intending to justify cause for the traffic stop, the search of Plaintiff's vehicle, and the arrest. (*Id.* ¶¶ 74–77.) Plaintiff suffered damages from the arrest and seizure, including emotional distress. (*Id.* ¶¶ 78, 91.) Plaintiff's prior experiences with law enforcement contributed to Plaintiff's request to speak with a supervisor and the level of emotion distress incurred from the incident at issue here. (*Id.* ¶¶ 79–91.)

On August 21, 2024, Plaintiff initiated the instant action, alleging three causes of action: (1) a 42 U.S.C. § 1983 claim against Defendant Officers, (2) a Bane Act, Cal. Civ. Code §2.1, claim against Defendant Officers, and (3) a negligence claim against all Defendants. (*See generally* Compl.) The City and Defendant Officers each filed a motion to dismiss. (Doc. Nos. 10; 11.) Plaintiff filed an opposition to each (Doc. Nos. 15; 16), to which the City and Defendant Officers replied (Doc. Nos. 17; 18).

## II.    LEGAL STANDARD

### A.    Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also L.A. Lakers, Inc.*, 869 F.3d at 800 ("In conducting this review, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.").

### B.    Motion to Strike

Rule 12(f) permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Diamond S.J. Enter., Inc. v. City of S.J.*, 395 F. Supp. 3d 1202, 1216 (N.D. Cal. 2019), *aff'd,* 100 F.4th 1059 (9th Cir. 2024) (citation omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citation omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Diamond S.J. Enter.*, 395 F. Supp. 3d at 1216 (citation omitted).

### C.    Service of Process

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule] 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (internal quotations and citations omitted). As such, Rule 12(b)(4) and 12(b)(5) authorize a defendant to move for dismissal due to insufficient process and insufficient service of process, respectively. Fed. R. Civ. P. 12(b)(4)–(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the

complaint." *Crowley*, 734 F.3d at 975.

## III.  DISCUSSION

Defendant Officers seek to dismiss all three of Plaintiff's claims pursuant to Rule 12(b)(6), Rule 8, and Rule 4(m) and move to strike specific allegations as immaterial and impertinent. (*See generally* Doc. No. 11.) The City raises identical 12(b)(6), Rule 8, and Rule 12(f) arguments for the single claim asserted against it. (*See generally* Doc. No. 10.)

### A.  Section 1983 Claim

Defendant Officers assert Plaintiff's first cause of action fails to state a claim for a Fourth Amendment violation because Plaintiff's allegations are all legal conclusions or support that Defendant Officers had probable cause to arrest Plaintiff and search his person and car incident to the arrest. (Doc. No. 11-1 at 17.)

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. "The Fourth Amendment 'applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest.'" *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (quoting *United States v. Brignoni-Ponce,* 422 U.S. 873, 878 (1975)); *see also United States v. Colin*, 314 F.3d 439, 442 (9th Cir. 2002) ("The Fourth Amendment's prohibition against unreasonable searches and seizures applies to investigatory traffic stops."). "In order to satisfy the Fourth Amendment's strictures, an investigatory stop by the police may be made only if the officer in question has 'a reasonable suspicion supported by articulable facts that criminal activity

5

may be afoot.'" *Montero-Camargo*, 208 F.3d 1122, 1129 (quoting *United States v. Sokolow,* 490 U.S. 1, 7 (1989)); *see also United States v. Miranda-Guerena*, 445 F.3d 1233, 1236 (9th Cir. 2006) ("An investigatory stop of a vehicle is reasonable under the Fourth Amendment if the officer reasonably suspects that a traffic violation has occurred.").

Plaintiff's first cause of action alleges Defendant Officers violated Plaintiff's Fourth Amendment right by unreasonably seizing and searching both him and his vehicle. (Compl. ¶¶ 92–106.) Specifically, Plaintiff asserts that Defendant Officers initiated a traffic stop without a warrant and on the basis that Plaintiff had not make a complete stop at a stop sign. (*Id.* ¶¶ 21, 25.) However, Plaintiff alleges that he had come to a complete stop at the stop sign. (*Id.* ¶ 26.) Defendant Officers requested Plaintiff's license and registration, which he provided, and asked a number of questions, which Plaintiff politely and truthfully answered. (*Id.* ¶¶ 27–48.) Despite that, Defendant Officers smashed Plaintiff's window, pulled him from the car, searched his person, and searched his car. (*Id.* ¶¶ 66–72, 100–02.)

Defendant Officers attempt to recast these factual allegations as "conclusory allegations and legal conclusions." (Doc. No. 11-1 at 16.) Although the Court does not take legal conclusions as true, Plaintiff provides sufficient *factual* allegations to state a claim for a violation of his Fourth Amendment right by state actors. Specifically, Plaintiff alleged Defendant Officers initiated a stop without a warrant and solely premised on a non-existent traffic violation. Thus, Plaintiff has pled that the investigatory stop violated his Fourth Amendment right to be free of an unreasonable seizure. *See Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) ("A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.") (quoting *United States* v. *Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001)). Moreover, Plaintiff alleges that he provided his valid, current license and registration and answered truthfully and politely when asked questions. Thus, Plaintiff has sufficiently pled facts to demonstrate that there was no reasonable basis for Defendant Officers to have continued to detain Plaintiff, to demand he exit his vehicle, to break his vehicle window, or to search his person and car. As Plaintiff identifies Defendant Officers

as members of the San Diego City Police Department acting under the color of state law.

To the extent Defendant Officers disagree with these factual allegations, such an issue is improper to address on a motion to dismiss. Moreover, if, by attempting to recast Plaintiff's factual allegations as "conclusory," Defendant Officers are asserting Plaintiff should have supported his factual allegations with evidence, such a stance does not comport either with the standards for pleading or for a motion to dismiss.

Defendant Officers additionally challenge the specificity of the complaint, asserting that it is unclear whether it is challenging a search of Plaintiff's person or vehicle and that it "fails" to "even minimally explain how any of the unidentified parties . . . personally caused a violation of [the claimant's] constitutional rights." (Doc. No. 11-1 at 17 (quoting *Estate of Serna v. Cnty. of S.D.*, No. 22-cv-02096-LAB-MSB, 2022 WL 827123, at *3 (S.D. Cal. Mar. 18, 2022)).) Defendant Officers' argument is specious. The complaint expressly identifies the actions of each Defendant Officer. (*See, e.g.*, Compl. ¶¶ 30 ("DEFENDANT OFFICER 1 took Mr. Hoskins' license and registration to his patrol car."), 49 ("DEFENDANT OFFICER 2 then told Mr. Hoskins to undo his seatbelt and get out of the car *so they could search for weapons in the car*.") (emphasis in original), 53 ("With the express intention of unlawfully prolonging this encounter, and knowing that he lacked reasonable suspicion or probable cause for a search, DEFENDANT OFFICER 2 told Mr. Hoskins to open the door, and to undo his seatbelt, because he did not want to have to do it for him."), 66–67 ("Without legal cause, and in order to effectuate a patently illegal search, DEFENDANT OFFICER 3 smashed Mr. Hoskins' front passenger window. DEFENDANT OFFICER 3 hit the window no less than 10 times to do so.").) Moreover, it is sufficiently clear that Plaintiff has stated a claim against Defendant Officers for the search of both his person and his car. (*See, e.g.*, *id.* ¶¶ 96–102 ("Defendant Officers did not have reasonable suspicion or probable cause to pull Plaintiff over in the first instance. Regardless, Defendant Officers did not have a warrant to search Plaintiff's car or person. Defendant Officers did not have a valid basis to conduct a warrantless search of Mr. Hospkins' car or person even if there was a cause for an initial traffic stop. Defendant

Officers, individually and in concert, nevertheless searched plaintiff's vehicle and person. The search included smashing Mr. Hoskins' window when it was unreasonable and unnecessary to do so. The search included pulling Mr. Hoskins from the car when it was unreasonable to do so and searching him when it was unlawful to do so. Defendant Officers searched Mr. Hoskins closed containers within the car without a warrant or Fourth Amendment exception either.").) In fact, the level of specificity of the instant complaint puts into question whether Defendant Officers raise these arguments in good faith. *Cf.* Fed. R. Civ. P. 11(b).

Accordingly, the complaint states a claim pursuant to § 1983 for a Fourth Amendment violation. Defendant Officers' motion to dismiss is **DENIED** with regard to this claim and the request for a more definitive statement is **DENIED**.

### B.    Bane Act Claim

Defendants argue Plaintiff's Bane Act claim should be dismissed for myriad reasons. (Doc. Nos. 10-1 at 9–12; 11-1 at 17–21.) Specifically, Defendants argue it is "open-ended" and "internally confusing" in violation of Rule 8, "fails to identify what non-conclusory facts or legal conclusions each specified theory is based on and which Doe Defendant allegedly undertook those actions," and "fails to provide sufficient facts to support the applicable intent required under the Bane Act." (Doc. Nos. 10-1 at 10–11; 11-1 at 18–19.)

"The California Bane Act creates a cause of action against a person if that person 'interferes by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States.'" *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018) (quoting Cal. Civ. Code § 52.1). "[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); *see also Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 934 (E.D. Cal. 2015) ("Where Fourth Amendment unreasonable seizure or excessive force claims are raised and intentional conduct is at issue, there is no need for a plaintiff to allege a showing of coercion

independent from the coercion inherent in the seizure or use of force.").

"The specific intent inquiry for a Bane Act claim is focused on two questions: First, '[i]s the right at issue clearly delineated and plainly applicable under the circumstances of the case,' and second, '[d]id the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?'" *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (quoting *Cornell v. City & Cnty. of S.F.*, 17 Cal. App. 5th 766, 803 (2017)).

### 1. Unlawful Search and Seizure

With regard to Plaintiffs unlawful search and seizure allegations, Defendant Officers' arguments are largely identical to those they raise with regard to Plaintiff's § 1983 claim. (*Compare* Doc. No. 11-1 at 15–17 *with* 19–20.) However, as discussed *supra*, Plaintiff has sufficiently stated a claim for a violation of his Fourth Amendment right with regard to unreasonable search and seizure. Because the violation involved intentional conduct, including the smashing of Plaintiff's car window and searching his person and vehicle, Plaintiff has pled sufficient allegations that Defendant Officers acted with the requisite specific intent. *See, e.g.*, *Rios v. Cnty. of Sacramento*, 562 F. Supp. 3d 999, 1025 (E.D. Cal. 2021) ("The[ individual plaintiffs] have stated a claim based on their federal constitutional rights, and their allegations allow an inference that the County acted with the necessary specific intent by indiscriminately and summarily confiscating and disposing of their belongings."); *Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 934 (E.D. Cal. 2015) (denying a motion to dismiss a Bane Act claim because the "plaintiffs' Fourth Amendment claims of excessive force and unreasonable search and seizure [we]re sufficient to allege intentional conduct."); *Bradley v. City of S.D.*, No. 3:24-CV-01216-CAB-JLB, 2025 WL 20437, at *4 (S.D. Cal. Jan. 2, 2025) ("Plaintiff, however, alleges that Officer Doe attempted to grab Plaintiff off his bike before rear ending him and causing him to fall and sustain injuries. Taking these allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot imagine that such conduct by Officer Doe could not plausibly constitute an intentional, coercive act.").

As the corresponding provisions of the California Constitution cited by Plaintiff are "substantially equivalent" to the Fourth Amendment of the United States Constitution, Plaintiff has similarly stated a Bane Act claim for violation of Section 13, Article 1 of the California Constitution. *See Blair v. Pitchess*, 5 Cal. 3d 258, 270 n.6 (1971).

Accordingly, Plaintiff states a claim for violation of the Bane Act based on the unreasonable search and seizure allegations. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018).

### 2. Excessive Force

With regard to any excessive force basis of Plaintiff's Bane Act claim, the Court similarly finds Plaintiff states a claim.

"[A] constitutional complaint of excessive force arises under the Fourth Amendment and constitutes a claim concerning the overall reasonableness of a seizure." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1025 (9th Cir. 2015) (citing *Graham v. Connor,* 490 U.S. 386, 394–97 (1989)). "[T]here are no per se rules in the Fourth Amendment excessive force context; rather, courts must still slosh their way through the factbound morass of reasonableness." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc) (cleaned up) (citing *Scott v. Harris,* 550 U.S. 372, 383 (2007)). To assess the "reasonableness" of a law enforcement officer's conduct, courts consider the totality of the circumstances, including "the nature and quality of the alleged intrusion," "how severe the crime at issue is," "whether the suspect posed an immediate threat to the safety of the officers or others," and "whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.*

Here, Plaintiff has alleged Defendant Officer 3 smashed his vehicle window and Defendant Officers dragged him out of his car without Plaintiff posing a threat to anyone's safety and without reasonable suspicion or probable cause to detain Plaintiff. Viewing all factual allegations in the light most favorable to Plaintiff, Plaintiff has provided sufficient facts to demonstrate intentional acts of excessive force in violation of his Fourth Amendment rights. *See McDonald v. Cnty. of Sonoma*, 506 F. Supp. 3d 969, 988 (N.D.

Cal. 2020) (quoting *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 978 (2013)) ("Where an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion independent from the coercion inherent in the wrongful detention itself.").

Accordingly, Plaintiff states a claim for violation of the Bane Act based on the excessive force allegations.

### 3.    Deliberate Fabrication of Evidence

Next, considering the fabrication of evidence allegations, the Court finds Plaintiff provides sufficient facts to state a Bane Act claim on this basis at this stage of the proceedings.

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official." *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017); *see also Caldwell v. City & Cnty. of S.F.*, 889 F.3d 1105, 1112 (9th Cir. 2018) ("There is a clearly established constitutional due process right not to be subject to criminal charges on the basis of false evidence that was deliberately fabricated by the government."). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer*, 857 F.3d at 798; *Gonzalez v. City of Huntington Beach*, No. SACV180953DOCDFMX, 2018 WL 9537311, at *6 (C.D. Cal. Oct. 12, 2018) (holding that "the deprivation of liberty [for a Fourteenth Amendment fabrication of evidence claim] includes criminally charging, prosecuting, or convicting—and this is sufficient in of itself.").

Here, Plaintiff alleges Defendant Officers "wrote reports themselves or helped one another write reports that they knew contained fabrications about Mr. Hoskins and the encounter on May 9." (Comp. ¶ 74.) Specifically, Plaintiff asserts that each Defendant Officer "fabricated facts in both writing and oral statements, intended to justify cause for a traffic stop in the first instance," "to justify cause to search Mr. Hoskins' vehicle," and "to justify an arrest for resisting arrest under Penal Code § 148." (*Id.* ¶¶ 75–77.) As a result of these fabrications, Plaintiff was given noticed to appear in Court for misdemeanor resisting

arrest. (*Id.* ¶¶ 73, 78.) At this stage, Plaintiff sufficiently alleged deliberate fabrication of evidence in violation of the Fourteenth Amendment to sustain a Bane Act claim.

### 4.    Due Process and Equal Protection

Finally, Plaintiff premises his Bane Act claim on a violation of "[t]he right to be free of deprivation of life, liberty, or property without due process of law or denied equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution." (Compl. ¶ 110(d).)

Defendants argue that Plaintiff's references to due process and equal protection violate Rule 8 because they are "internally confusing," making it "impossible to determine if Plaintiff is basing his claim on an alleged violation of his substantive due process rights, his procedural due process rights, or his equal protective rights." (Doc. Nos. 10-1 at 12; 11-1 at 21.) Plaintiff fails to address or otherwise oppose Defendants' attack on this Bane Act theory. (*See generally* Doc. No. 15.)

The Court agrees that the reference is confusing and insufficiently supported by factual allegations, such that it violates Rule 8. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."), 8(d)(1) ("Each allegation must be simple, concise, and direct."). Accordingly, Plaintiff fails to state a Bane Act claim based on a violation of either Due Process or Equal Protection Clauses.

### 5.    Conclusion

Having found Plaintiff states a Bane Act claim premised on allegations of unreasonable search and seizure, excessive force, and deliberate fabrication of evidence, the Court **DENIES** both motions to dismiss the Bane Act claim on these grounds. However, to the extent that Plaintiff's Bane Act claim is grounded in an alleged violation of the Due Process Clause or the Equal Protection Clause, the motions are **GRANTED**. Plaintiff is **GRANTED leave to amend** for the limited purpose of amending the dismissed Bane Act theory. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

24-cv-01488-AJB-DTF

## C.    Negligence

Defendants argue Plaintiff's negligence claim fails because it "does not provide any facts indicating how the Doe Defendants breached a duty of care and what duty of care they allegedly breached, let alone which Defendant's actions caused the breach." (Doc. Nos. 10-1 at 12; 11-1 at 21.)

"In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of S.D.*, 57 Cal. 4th 622, 629 (2013) (quoting *Nally v. Grace Community Church* 47 Cal.3d 278, 292 (1988)) (cleaned up). California recognizes that officers have a duty to act reasonably, including using reasonable force, when effectuating detentions and arrests. *Stephenson v. California*, 761 F. Supp. 3d 1242, 1275 (C.D. Cal. 2025) (citing *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1101 (2004)), *appeal dismissed sub nom., Stephenson v. McKee*, No. 25-336, 2025 WL 1143493 (9th Cir. Apr. 8, 2025). "The reasonableness of an officer's conduct is determined in light of the totality of the circumstances." *Id.* (quoting *Hayes*, 57 Cal. 4th at 629). To that end, "California courts consider 'the severity of the crime at issue, whether the plaintiff posed a reasonable threat to the safety of the officer or others, and whether the plaintiff was actively resisting detention or attempting to escape.'" *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021) (quoting *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 512 (2009)); *see also C.V. by & through Villegas v. City of Anaheim*, 823 F.3d 1252, 1257 n.6 (9th Cir. 2016) ("[T]he California Supreme Court has clarified that state negligence law is broader than federal Fourth Amendment law.") (cleaned up).

In the complaint, Plaintiff alleges "Defendants had a duty to use reasonable care in determining whether reasonable suspicion or probable cause existed to stop, detain, and arrest someone" and "a duty to use reasonable care regarding members of the public and their personal property rights." (Compl. ¶¶ 114–15.) Next, Plaintiff alleges that Defendants breach this duty by "by their conduct described above" and "caused harm to Plaintiff,

1  including fear, mental anguish, humiliation, indignity, and degradation." (*Id.* ¶ 116.)

2      As a threshold matter, the Court is unpersuaded by Defendants' assertions in reply

3  that the complaint is "an impermissible 'shotgun pleading'" so lacking in clarity that it

4  violates Rule 8. (See Doc. Nos. 17 at 7; 18 at 11.) Specifically, in their reply, Defendants

5  argue the complaint requires them and the Court "to sift through pages of scattered

6  allegations and somehow discern their connection to the cause of action," which "imposes

7  an unreasonable burden" on both Defendants and the Court. (See Doc. Nos. 17 at 7; 18 at

8  11 (relying on *Dunsmore v. S.D. Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-WVG, 2022

9  WL 4488007, at *4 (S.D. Cal. Sept. 27, 2022), *modified on reconsideration,* No. 20-CV-

10 00406-AJB-DDL, 2022 WL 16557621 (S.D. Cal. Oct. 31, 2022)).) Unlike the cases

11 Defendants analogize to, the instant complaint consists of three causes of action and, in its

12 entirety, is twelve pages. *Cf. Dunsmore*, 2022 WL 4488007, at *4 (labeling a 223-page

13 complaint that repeatedly incorporated previous paragraph by reference a "shotgun

14 pleading"). The Court does not share Defendants' concern regarding the clarity or

15 specificity of the instant complaint. *See supra* § III.A.

16     Rather, construing the factual allegations in the light most favorable to Plaintiff, the

17 Court finds that Plaintiff has state a claim for negligence against each Defendant Officer.

18 Specifically, as discussed *supra*, Plaintiff asserts Defendant Officers stopped him without

19 reasonable suspicion as no traffic violation had occurred, broke his vehicle, dragged him

20 from the car, and arrested him without probable cause. Such actions, based on the facts

21 presented, support a finding that Defendant Officers failed to act with reasonable care

22 toward Plaintiff and his property. *See, e.g.*, *Lomeli v. Cnty. of S.D.*, 637 F. Supp. 3d 1046,

23 1074 (S.D. Cal. 2022) ("The Complaint also contains other allegations tending to suggest

24 that the Deputy Defendants may have acted unreasonably, such as stopping Ms. Brockman

25 and Mr. Lomeli without reasonable suspicion and subsequently arresting them without

26 probable cause."). At this stage, Plaintiff has state a claim for negligence against Defendant

27 Officers. *See, e.g.*, *Q. M. v. Cnty. of L.A.*, No. 2:21-CV-09382-SSS-MRWX, 2025 WL

28 1148283, at *11 (C.D. Cal. Mar. 18, 2025) ("Because the Court could not rule as a matter

14

of law that Deputies did not apply excessive force to Plaintiffs in their search and detention of Plaintiffs under the Fourth Amendment, the Court similarly cannot foreclose Plaintiffs' negligence claim based on the same facts, same injury, and even broader legal standard."). Having stated a claim against Defendant Officers, Plaintiff also states a claim against the City under the doctrine of respondeat superior. *See* Cal. Gov't Code § 815.2(a); *see, e.g.*, *Penrod v. City of Murrieta*, No. CV1702116MWFSPX, 2018 WL 6112631, at *6 (C.D. Cal. Feb. 26, 2018). Accordingly, the Court **DENIES** Defendants' motions to dismiss the third cause of action.

### D.    Motion to Strike

Defendants seek to strike paragraphs 3–5 and 79–90 of the complaint as impertinent or immaterial. (Doc. Nos. 10-1 at 13–14; 11-1 at 22–23.) In support of their request, Defendants assert that the allegations, if not stricken, "will unnecessarily increase the time and money spent litigating this case" because they "will have no choice but to prepare to defend several trials within a trial, including one whose statute of limitations has run, which will make it much more difficult to locate witnesses and evidence." (Doc. Nos. 10-1 at 14; 11-1 at 23.) Moreover, Defendants argue "their primary effect is to evoke prejudicial bias and anger the potential jury pool." (Doc. No. 17 at 9; *see also* Doc. No. 18 at 13.)

In opposition, Plaintiff asserts that the allegations at issue provide context that supports "why the incident in question and the incidents that followed would cause significant psychological distress, trauma, feelings of fear, and powerlessness[.]" (Doc. Nos. 15 at 18; 16 at 11.)

Based on Plaintiff's explanation and resolving any doubts as to relevance of the challenged allegations in Plaintiff's favor, *see Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002), the Court cannot say at this stage that the allegations are immaterial.  Accordingly, the Court **DENIES** Defendants' motion to strike.

///

///

### E.    Service of Doe Defendants

Finally, Defendant Officers seek to dismiss the claims against them pursuant to Rule 4(m), asserting that the service of process was not effectuated under federal or California law. (Doc. No. 11-1 at 10–13.) Specifically, Defendant Officers argue that:

> Plaintiff attempted to serve the Doe Defendants by leaving a copy of a summons a complaint for each one with a clerk at the San Diego Police Department without any information identifying the individuals named as Does 1–4. This is not proper service; it is not designed to provide the individual defendants with notice of the lawsuit against them. As such, the doe defendants should be dismissed from this lawsuit.
>
> . . .
>
> Plaintiff failed to comply with federal and state law mandating the method of service of process on individuals, he failed to effect proper service on the Doe Defendants. There is no reasonable argument that leaving a summons with the case caption and without the name of the person to be served or even a description of the person is in substantial compliance with either set of standards for service. The Court may dismiss the action as to the Doe Defendants or retain the action and quash process providing Plaintiff the opportunity to correct any deficiencies in service.

(*Id.* at 12.)

Plaintiff argues that he identified Defendant Officers with sufficient particularity that Defendants could ascertain their identities, and that Defendants are on notice of the claims against them. (Doc. No. 15 at 4.) Additionally, Plaintiff asserts that service was proper pursuant to Rule 4(e)(2)(c) because process was served on the receptionist "authorized by appointment or by law to receive service of process for San Diego Police Department Officer Does 1–4." (*Id.* at 8–9.)

For the first time in reply, Defendant Officers assert that process was insufficient because Plaintiff only provided one copy for the four individual defendants Plaintiff sought to serve.[1] (Doc. No. 18 at 7.) Defendant Officers also argue that the receptionist does not

---

[1]    Defendant Officers assert Plaintiff's opposition is largely non-responsive to the service issue because Plaintiff "misapprehends" their arguments. (Doc. No. 18 at 7.) However, Plaintiff's confusion is understandable considering that Defendant Officers' extensive legal standard weaves unrelated Doe pleading rules with service requirements (Doc. No. 11-1 at 10–12), provides limited analysis (*id.* at 12),

24-cv-01488-AJB-DTF

have authority to accept process on behalf of San Diego Police Department employees such as Defendant Officers. (*Id.* at 8.)

The Court agrees with Defendant Officers that a single copy of process is insufficient process to serve four individual defendants. *See* Fed. R. Civ. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued *for each defendant* to be served.") (emphasis added); *see also Imperial v. City & Cnty. of S.F.*, No. 08-05644 CW, 2010 WL 1572760, at *1 (N.D. Cal. Apr. 20, 2010).

Additionally, the method of service—attempting to serve Defendant Officers at their place of employment—was improper under the circumstances. To the extent Plaintiff attempted such service pursuant to state law, Plaintiff did not first demonstrate process "cannot with reasonable diligence be personally delivered to the person to be served," and did not subsequently mail an additional copy by first-class mail to the individual Defendant Officers at the place where a copy of the summons and complaint were left. *Cf.* Cal. Code Civ. Proc. § 415.20(a)–(b); *see also Gottschalk v. City & Cnty. of S.F.*, 964 F. Supp. 2d 1147, 1166 (N.D. Cal. 2013). To the extent Plaintiff attempted to serve Defendant Officers pursuant to Rule (e)(2)(C), Plaintiff fails to demonstrate that the receptionist was authorized to accept service on behalf of Defendant Officers in their individual capacities. *See, e.g., Caputo v. City of S.D. Police Dep't*, No. 16-CV-00943-AJB-BLM, 2018 WL 4092010, at *4 (S.D. Cal. Aug. 28, 2018); *Pimentel v. Rivera*, No. 119CV01088AWISKO, 2020 WL 8620166, at *2 (E.D. Cal. Jan. 14, 2020) (finding insufficient service of process pursuant to Rule 4(e) where the defendant police officers were served by leaving copies of the summons and complaint with the records assistant at the police department who the plaintiff asserted was authorized to accept service of process). According, Plaintiff has not satisfied his burden to demonstrate he effectuated proper service of process on Defendant Officers.

///

---

fails to raise the issue of the process raised in reply (*id.* at 10–13) and relies heavily on conclusory statements of insufficiency (*id.*).

Having found proper service on Defendant Officers has not been effectuated, the Court turns to Rule 4(m). Pursuant to Rule 4(m)—

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[A]t minimum, 'good cause' means excusable neglect," requiring "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). However, even "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d at 512; *see also Henderson v. United States*, 517 U.S. 654, 658, 116 S. Ct. 1638, 1641, 134 L. Ed. 2d 880 (1996) ("Rule 4(m) . . . permits a district court to enlarge the time for service even if there is no good cause shown."). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).

Here, the ninety-day deadline has elapsed with no service made, and Plaintiff has not informed the Court of any additional steps taken to determine the identity of Defendant Officers and amend the complaint. However, Plaintiff requests the Court "extend the time for service by an additional 90 days to provide Plaintiff with sufficient time to learn the Doe Defendants' identities through discovery." (Doc. No. 15 at 9.) Plaintiff additionally asserts that good cause exists for such an extension because there is an "information deficit" that would be cured by discovery and a scheduling order has not yet been entered. (*Id.* (relying on *Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018)).)

///

Defendant Officers do not argue that granting Plaintiff an extension to effectuate service would prejudice them. *Cf. James v. Cnty. of Sacramento*, No. 2:18-CV-00180-TLN-DB, 2022 WL 2533484, at *4 (E.D. Cal. July 7, 2022) ("For this factor to weigh in Defendants' favor, they must demonstrate more harm than a mere conclusionary statement regarding the delayed resolution of the case."). Rather, Defendant Officers assert the Court should not reward Plaintiff "for his dilatory conduct and his rush to file this lawsuit." (Doc. No. 18 at 9.)

Considering that Defendant Officers—having yet to be identified—do not have actual notice and Plaintiff does not make an argument that dismissal would severely prejudice him, the Court finds that Plaintiff has failed to demonstrate good cause under the typical factors. However, as noted by Plaintiff, some courts in this Circuit have recognized that "an information deficit, where discovery would correct that deficit, is good cause to allow a plaintiff an extended period of time to identify and serve unknown defendants." *Ticketmaster L.L.C.*, 315 F. Supp. 3d at 1158 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980)). The Court finds that service may yet be obtained, but only if Plaintiff ascertains the identity of Defendant Officers. *See Lycurgan, Inc. v. Griffith*, No. 14-CV-00548-JLS-KSC, 2017 WL 4680143, at *7 (S.D. Cal. Oct. 18, 2017) ("[G]oing forward a diligent plaintiff could request early, limited discovery, ascertain defendants' identities, complete service, and argue the merits").

In light of the general preference to decide cases on the merits whenever reasonably possible, *see Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and the possibility that proper service may still be effectuated, the Court will utilize its broad discretion to briefly extend the time for service, *see In re Sheehan*, 253 F.3d at 513. *See also Lycurgan, Inc. v. Griffith*, 2017 WL 4680143, at *7 (denying motion to dismiss and granting extension of time to serve Doe defendants where "it [wa]s at least possible for eventual service to be completed" and the statute of limitations would bar refiling).

///

///

24-cv-01488-AJB-DTF

As such, the Court in its discretion **DENIES** Defendant Officers' motion to dismiss based on failure to serve, **QUASHES** service on Defendant Officers, and **GRANTS** Plaintiff 90 additional days from the date of this Order to effectuate proper service. *See Lasswell Found. for Learning & Laughter, Inc. v. Schwartz*, No. 3:16-CV-00497-BEN-WVG, 2016 WL 8715724, at *2 (S.D. Cal. Nov. 4, 2016) ("Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."). If Plaintiff fails to file a proof of service within the allotted time, the Court will *sua sponte* dismiss Defendant Officers without prejudice pursuant to Rule 4(m).

### F.    Request for Judicial Notice

In their reply, Defendant Officers request judicial notice of information hosted on the City of San Diego's official government website. (Doc. No. 18-2.) Plaintiffs did request leave to file a sur-reply in objection.

At the request of a party, the court must take judicial notice of a fact that is "not subject to reasonable dispute, so long as the court is supplied with the necessary information. Fed. R. Evid. 201(b), (c)(2). A fact is "not subject to reasonable dispute where it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein." *Marsh v. S.D. Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (citing *Lee v. City of L.A.*, 250 F.3d 668, 689–690 (9th Cir. 2001)); *see also Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 510 (N.D. Cal. 2017) ("[C]ourts may judicially notice information and official documents contained on official government websites.) (collecting cases).

Here, Defendant Officers request judicial notice of the "San Diego Police Department Procedure 1.11 – Court Procedures and Subpoenas," dated September 11,

2020,[2] and Public Records Act Request No. 24-5278, dated August 2, 2024, available at the City of San Diego's public records portal.[3] As both documents are available on the City's website, which is a source whose accuracy cannot reasonably be questioned, and Plaintiff does not object, the Court finds them appropriate subjects of judicial notice. However, the Court does not take judicial notice of the contents of Public Records Act Request No. 24-5278 for its truth. Moreover, the Court notes that Defendant Officers state the request was made by Plaintiff's Counsel (*see* Doc. Nos. 18 at 8; 18-2); however, considering the request was not made by an attorney of record for Plaintiff, such an assertion is not a judicially noticeable fact based on the information provided and the public record cited.

Accordingly, the Court **GRANTS in part** Defendant Officers' request to take judicial notice of the existence of the records but not for the truth of the facts found in Public Records Act Request No. 24-5278.

## V.    CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS in part and DENIES in part** the City's motion to dismiss (Doc. No. 10) and Defendant Officers' motion to dismiss (Doc. No. 11). Plaintiff's Bane Act claim is **DISMISSED** to the extent it is premised on a violation of the Due Process Clause or the Equal Protection Clause. However, Plaintiff is **GRANTED leave to amend** for the **limited purpose** of amending the dismissed Bane Act theory.

The Court further **ORDERS** that:

1.     Defendant Officers' request for a more definite statement is **DENIED**;

2.     The City's and Defendant Officers' motions to strike are **DENIED**;

3.     Plaintiff's improper service on Defendant Officers is **QUASHED**;

4.     Plaintiff is **GRANTED** 90 days from the date of this Order to effectuate proper service;

---

[2] *See* https://www.sandiego.gov/police/data-transparency/policies-procedures.
[3] *See* https://sandiego.nextrequest.com/requests.

5.      Defendant Officers' request for judicial notice is **GRANTED in part**;

6.      If so desired, Plaintiff may file an amended complaint, which complies with the narrow leave granted herein, **no later than <u>July 24, 2025</u>**. Any amended complaint must be accompanied by a redlined version in compliance with Civil Local Rule 15.1.c.

7.      The City must respond to the operative complaint **no later than <u>August 7, 2025</u>**.

**IT IS SO ORDERED**.

Dated:  July 17, 2025

Hon. Anthony J. Battaglia
United States District Judge