TIMOTHY A. SCOTT (SBN 215074)
MICHELLE C. ANGELES (SBN 298883)
McKENZIE SCOTT PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461
Email: tscott@mckenziescott.com
        mangeles@mckenziescott.com

Attorneys for Plaintiff

# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HOSKINS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT OFFICER DOES 1-4.<br><br>    Defendants. | Case No.: 24-CV-1488-AJB-DTF<br><br>**MOTION TO COMPEL RULE 26(f) CONFERENCE** |

MOTION TO COMPEL RULE 26(f) CONFERENCE

## I.    INTRODUCTION.

Plaintiff respectfully asks the Court to issue an order to compel Defendant City of San Diego to hold a conference pursuant to Federal Rule of Civil Procedure 26(f), and to comply promptly with all aspects of Rule 26 including, but not limited to, scheduling and participating in the discovery conference or in the alternative allow for limited early discovery.

On July 17, 2025, Judge Battaglia granted Plaintiff 90 days from the date of the order to effectuate proper service on the Defendant Doe Officers. ECF 21. Plaintiff has not been able to identify the officers through means. Plaintiff cannot identify the Officers in the video footage he obtained because their badge names are not visible and he was provided a heavily redacted police report from his public records requests. Accordingly, Plaintiff requires discovery to identify the Doe Defendant Officers.

Plaintiff's counsel has requested a Rule 26 conference and Defense counsel will not agree to set the conference. Defense counsel's refusal to set the conference is contrary to their Rule 26 obligations. It has the effect of stalling and delaying prosecution of this case and, in effect, imposing a stay on all discovery, without making the showing that would be required by a motion for a stay. Defense counsel will not provide a date for a Rule 26(f) conference despite requests for a proposed date. Plaintiff seeks to enforce the clear mandate of Rule 26(f)(1) requiring that the conference take place "as soon as practicable."

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.

On May 9, 2024, Mr. Hoskins was pulled over by SDPD Officers for allegedly failing to stop at a stop sign. Without any legal cause, the Defendant Doe Officers demanded to conduct a search of Mr. Hoskins' vehicle and person—searches that were unsupported by any probable cause or reasonable suspicion whatsoever, and that were directly contrary to controlling case law. When Mr. Hoskins politely asked to speak to a supervisor, asserted his Fourth

MOTION TO COMPEL RULE 26(f) CONFERENCE

Amendment rights, and pointed out the lack of probable cause for any search, Defendant Doe Officers shattered his passenger side window, pulled him out of the car, illegally searched and arrested him, and falsely accused him of a crime. Defendant Doe Officers did so knowing that Mr. Hoskins had actually committed no crime, did not act violently or in a threatening manner toward any officers, and that their actions violated the law.

The Defendant Doe Officers' intentional actions violated Mr. Hoskins's clearly established constitutional rights. On August 21, 2024, he filed a complaint for damages in this Court alleging three causes of action: (1) 42 U.S.C. § 1983: Fourth Amendment, Unreasonable Search, (2) Cal. Civ. Code § 52.1 (Bane Act) and (3) Negligence. ECF 1. Defendant City of San Diego was served August 26, 2024. ECF 4.

On October 04, 2024, Defendant City and the Defendant Doe Officers filed motions to dismiss the complaint. ECF 10 and 11. On July 17, 2025, the Court issued an order where it granted Plaintiff 90 days from the date of the order to effectuate proper service on the Defendant Doe Officers. ECF 21

On July 25, 2025, Plaintiff's counsel emailed Defense counsel to see if she would be amenable to resolving the service issue of the Defendant Doe Officers informally. *See* Exhibit A; Declaration by Michelle C. Angeles. Additionally, Plaintiff emailed to inquire about Defense counsel's availability for a Rule 26 conference. *Id.* On July 28, 2025, Defendant indicated that she was "unfamiliar with a R26 conference." *Id.* Plaintiff explained that he was seeking a Rule 26(f) conference and provided the additional information required for a joint discovery plan. *Id.* Defendant again failed to provide availability and indicated that she did not see an order from the Court. *Id.* Plaintiff explained that an order was not required to initiate a Rule 26(f) conference and "Rule 26 and the Advisory Committee Notes clarify that these conferences should occur as soon as practicable, even in the preliminary stages of a case. Fed. R. Civ. Proc. 26, Advisory

MOTION TO COMPEL RULE 26(f) CONFERENCE

Committee's Note (1993) ("It will often be desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint . . . ."). Specifically, Rule 26(f)(1) states that "the parties must confer as soon as practicable," and L.R. 16.1(b) requires us to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." *Id.* Plaintiff also advised that this was his attempt to meet and confer as required L.R. 26.1 regarding a motion to compel a Rule 26 conference. *Id.* Defendant did not reply to Plaintiff's request to meet and confer.

On the morning of August 4, 2025, Plaintiff's counsel emailed the City:

> "I hope you had a great weekend, I am following up on my emails from last week regarding a rule 26 conference.
>
> I've drafted a motion to compel a Rule 26 conference and plan to request a hearing date from the Court today. I'm reaching out one last time to see if we can resolve this before we inconvenience the Court and the parties with a motion to compel.
>
> My goal is to identify the Doe Officers as soon as possible so we can amend the complaint, serve them properly, and move forward with this litigation. I'm available to chat by phone if you'd like to discuss a solution."

Later that afternoon, Plaintiff's counsel called Defense Counsel and left her a voicemail informing her that she would like to set up a Rule 26 conference and avoid having to file the motion but had not received any response or proposed dates. As of the filing of this motion, Plaintiff has not received any response.

## III.   ARGUMENT.

### A.   Defendant is in violation of the express terms of Rule 26.

The timing of the required discovery conference between the parties is expressly set forth in the Federal Rules of Civil Procedure:

4

MOTION TO COMPEL RULE 26(f) CONFERENCE

Conference Timing. Except in a proceeding exempted from initial disclosure under 26(a)(1)(B) or when the court orders otherwise, *the parties must confer as soon as practicable* – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. Proc. 26(f)(1) (emphasis added).

The clear intent of the timing requirements of Rules 16 and 26 is for the parties to participate in an early discovery conference "as soon as practicable" in order to facilitate discovery and resolve any disputes.

On July 25, 2025, Plaintiff's counsel informed Defense counsel that Plaintiff was seeking dates to schedule the required Rule 26(f) discovery conference. Exhibit A. On July 25, 2025 and July 28, 2025, Plaintiff's counsel provided Defendant's counsel with available dates to hold the Rule 26 conference. Counsel explained that the text of Rule 26(f) required setting the conference "as soon as practicable." *Id*. Counsel noted that the Advisory Committee Notes to Rule 26(f) indicate that a conference must be scheduled even if a defendant has not yet answered a complaint. *Id*. Defendants have not responded, proposed or provided a date for the Rule 26(f) discovery conference. *Id*. Plaintiff informed Defendant's counsel that if they were unwilling to provide a date for the Rule 26 conference, Plaintiff would file a motion seeking to compel compliance with Rule 26. *Id*.

The Rule 26 provision regarding timing of the discovery conference requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. Proc. 26(f)(1). As a scheduling conference has not yet been set, under the applicable rules the discovery conference in this case must be held "as soon as practicable." Defendant has refused to provide a date for the discovery conference or explain why it would not be practicable to conduct one at this time.

5

MOTION TO COMPEL RULE 26(f) CONFERENCE

Rule 26 and the accompanying Advisory Committee's Note make clear that 26(f) conferences should happen sooner rather than later, regardless of the preliminary nature of the proceedings. Fed. R. Civ. Proc. 26 Advisory Committee's Note (1993) ("It will often be desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint . . . ."). Rule 26(f)(1) expressly states that "the parties must confer as soon as practicable." Defendants are in violation of the Rules and their clear directives.

The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who "*may not have yet filed an answer in the case.*" Fed. R. Civ. Proc. 26 Advisory Committee's Note (1993) (emphasis added), *see also Melaleuca, Inc. v. Hansen*, 1:10-CV-00553-EJL, 2014 WL 1343452, at *8 (D. Idaho Apr. 3, 2014) (compelling defendant to participate in Rule 26(f) conference while granting plaintiff leave to amend the complaint), *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009) (party not excused from making initial disclosures simply because of pending motions to dismiss, remand, or change venue).

Defendant's refusal to participate in a Rule 26(f) discovery conference, or even provide a proposed date for such a conference, is in clear violation of the express requirements of the Federal Rules. Defendant's actions, or perhaps more accurately refusal to act, have improperly imposed a stay on this litigation and precluded Plaintiff from moving forward with discovery and the prosecution of this matter.

Defendant's refusal to comply with the Rules, thereby requiring Plaintiff to file a noticed motion and seek an order from this Court, unnecessarily delays his ability to engage in discovery to learn the Defendant Doe Officers' identities and his ability to prosecute this action.

/ / /

/ / /

MOTION TO COMPEL RULE 26(f) CONFERENCE

Thus, Plaintiff requests that the Court order a Rule 26(f) conference to occur within 4 business days and that Defendant fulfills its obligations pursuant to Rule 26.

**B.    In the alternative, Plaintiff seeks leave from the Court to take early discovery to determine the Defendant Doe Officers' identities.**

"'A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)' unless such discovery is 'authorized' by the Court." *Strike 3 Holdings, LLC v. Doe,* No. 24-CV-2479-BJC-KSC, 2025 WL 1056800, at *1 (S.D. Cal. Mar. 17, 2025) (citing Fed. R. Civ. P. 26(d)(1)). "A court may allow 'limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant.'" *Id.* (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "Courts authorize such 'expedited discovery' where the need for the information 'outweighs the prejudice to the responding party.'" *Id.* (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

The Court considers three factors when considering motions for early discovery to identify defendants. *Id.* (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)) "First, the applicant should 'identify the missing party with sufficient specificity such that the Court can determine the defendant is a real person or entity who could be sued in federal court.'" *Id.* "Second, the applicant 'should identify all previous steps taken to locate the elusive defendant.'" *Id.* "Third, the applicant should establish that the 'suit against [the] defendant could withstand a motion to dismiss.'" *Id.*

Here, Plaintiff alleges that the Defendant Doe Officers are the SDPD Officers responsible for the illegal stop, search and arrest of Mr. Hoskins on May 9, 2024. Counsel has attempted to ascertain the identities of these officers from the City.  On August 2, 2024, Plaintiff submitted a California Public Records Act

MOTION TO COMPEL RULE 26(f) CONFERENCE

request for all records pertaining to Mr. Hoskin's May 9, 2024 arrest. The response included a heavily redacted police report, which was authored by Officer Braden Wilson, #7497, suggesting he may be one of the Doe Officers. Because the report was redacted Plaintiff does not know what role Officer Wilson played in Mr. Hoskin's arrest. In an additional attempt to learn the Defendant Doe Officers' identities, Plaintiff provided early disclosures to Defense counsel, including a screenshot and video of the stop depicting the Doe Officers involved in the incident. *See* Exhibit A. Given that the Court has denied the Defendants' motions to dismiss, all three factors weigh in favor of Plaintiff's request for early discovery.

**IV.    CONCLUSION.**

For the above-stated reasons, Plaintiffs respectfully request that the Court adopt the Proposed Order requiring Defendant to conduct the Rule 26(f) conference within 4 business days of the Court's order or in the alternative allow Plaintiff to conduct early discovery to identify the Defendant Doe Officers.

DATE: August 5, 2025                  MCKENZIE SCOTT, PC

                                      By:  *s/Michelle C. Angeles*
                                           Timothy A. Scott
                                           Michelle C. Angeles
                                           Attorneys for Plaintiff
                                           NICHOLAS HOSKINS

MOTION TO COMPEL RULE 26(f) CONFERENCE