UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HOSKINS,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>      Defendants. | Case No.: 24-cv-1488-AJB-DTF<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RULE 26(F) CONFERENCE AND SCHEDULING CASE MANAGEMENT CONFERENCE** |

  Pending before the Court is a Plaintiff's Motion to Compel Rule 26(f) Conference (Doc. No. 22).

## BACKGROUND

  On August 21, 2024, Plaintiff filed the Complaint ("Compl") in this case alleging three causes of action: (1) 42 U.S.C. § 1983 - Fourth Amendment, Unreasonable Search; (2) California Civil Code § 52.1 (Bane Act); and (3) Negligence (*See generally,* Doc. No. 1). The basis for Plaintiff's complaint surrounds the alleged harassment and unlawful searches and seizures of his person, including on May 9, 2024, that he endured over a 14-month period following his release from prison. (*See id.*) On October 4, 2024 Defendants City of San Diego and San Diego Police Department Officer Does 1-4, filed Motions to Dismiss (Doc. Nos. 10, 11).

1

On July 17, 2025, the Honorable Anthony J. Battaglia granted-in-part and denied in part Defendants' motions to dismiss. Relevant to this motion, the Court found "that a single copy of process is insufficient process to serve four individual defendants. (Doc. No. 21 at 17.) Accordingly, Judge Battaglia granted Plaintiff 90 days from the date of the order to effectuate proper service on the Defendant Doe Officers.

Plaintiff seeks to have a Rule 26(f) conference set by the Court. Plaintiff requests the Court compel defense counsel to attend a Rule 26 conference because he has not been able to identify the Defendant Doe Officers through means. Specifically, Plaintiff maintains that he cannot identify the Officers in the video footage he obtained because their badge names are not visible, and he was provided with a heavily redacted police report from his California Public Records Act request. (Doc. No. 22 at 2.) Defendant City of San Diego oppose, arguing that it "has not refused to participate; rather Defendant seeks only to follow the procedures established by the Federal Rules, the Local Rules, and this Court's standard practice."[1] (Doc. No. 25 at 7.) Defense counsel also maintains that on August 7, 2025, an unredacted copy of the police report was emailed to Plaintiff's counsel. (Doc. No. 25-1 at 3.)

## DISCUSSION

The customary timeline for civil cases in this district is:

[t]he plaintiff files a complaint. The defendant files an answer. The Court sets an Early Neutral Evaluation Conference ("ENE"). If the parties do not reach settlement at the ENE, the Court sets a Case Management Conference ("CMC") and instructs the parties on Rule 26 compliance. Following the

---

[1] Notably in the affidavit filed in support of Defendant's Response in Opposition, defense counsel attests:

> Plaintiff's counsel [] clarified that she meant a Federal Rule of Civil Procedure 26(f) conference, and this Court's requirements for inclusion in the conference. I do not know where Plaintiff's counsel obtained that information because Your Honor does not appear on the Southern District's website.

Doc. No. 25-1, at ¶ 5. However, contrary to this assertion, the Chambers Rules of Judge Ferraro can be found at https://www.casd.uscourts.gov/judges/ferraro and have been available since January 7, 2025.

CMC, the Court issues a Scheduling Order regulating the pretrial and discovery schedule. Generally, a party may not serve discovery before the CMC.

*Olivas v. United States,* No. 11cv2606-WQH (WMc), 2013 WL 1222113, at *2 (S.D. Cal. Mar. 25, 2013). *See also* Fed. R. Civ. P. Rule 16 (setting forth the requirements for management of a case); CivLR 16.1.c.1 (providing that an ENE is to be held within 45 days of the filing of the answer in a regular case.).

Notwithstanding this normal schedule, Local Civil Rule 16.1(c)(1) states:

> At any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judge in the case to hold an early neutral evaluation conference, discovery conference, or status/case management conference.

CivLR 16.1(c)(1). Upon receiving such a request or motion, the court is instructed to "examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay the case. The judicial officer will such conferences as he or she deems appropriate." *Id.*

In turn, Rule 26(f) of the Federal Rules of Civil Procedure governs the timing of the parties meeting and conferring and planning for discovery. It provides, in relevant part,

> Except … when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

FED. R. CIV. P 26(f)(1). In deciding whether to allow early discovery, courts apply a good cause standard. Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See, e.g., Arista Records, LLC v. Does 1-43,* Case No. 07cv2357-LAB (POR), 2007 WL 4538697 at *1 (S.D. Cal. Dec. 20, 2007).

Here, although Plaintiff's request is outside the standard practices of this district, the Court has examined the circumstances of the case and determined that he has demonstrated good cause for the Court to issue an order requiring the parties' participation in a Rule 26(f)

conference and CMC. Plaintiff needs to be able to engage in some limited discovery to learn the Defendant Doe Officer's identities so he may properly effectuate service on these defendants as ordered to by Judge Battaglia. Without it, his claims against the Doe Officers will be dismissed without prejudice. (*See* Doc. No. 21 at 20.) Additionally, the Court is cognizant of Defendant City of San Diego having filed an answer. (*See* Doc. No. 24.) Accordingly, the Court will advance the CMC date and the accompanying Rule 26 deadlines surrounding issuance of a scheduling order. At the Rule 26(f) conference the parties shall confirm the identities of the Doe Officer Defendants and any other information necessary to ensure that they are properly served.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's request that the parties be compelled to participate in Rule26(f)conference. (Doc. No. 22.) Accordingly, the Court hereby **ORDERS** as follows:

Pursuant to Federal Rule of Civil Procedure 16(b) a CMC of your case will be held on **September 29, 2025** at **9:30 a.m.** before Magistrate Judge D. Thomas Ferraro. The information below establishes mandatory guidelines for the parties preparing for the CMC. Absent express permission obtained from this Court, and notwithstanding the pendency of any motions, counsel and parties shall timely comply with the dates and deadlines in this Order.

1. **Review of Chambers Rules:** Counsel[2] shall follow the Civil Local Rules for the Southern District of California. Counsel must read Magistrate Judge Ferraro's Chambers Rules for Civil Cases and General Considerations for Written Discovery. Counsel must also read the Chambers Rules or Standing Order of the assigned District Judge. This information is accessible via the Court's website at www.casd.uscourts.gov.

---

[2]   References to "counsel" or "attorney(s)" include any self-represented party.

2. **Procedure for Zoom Videoconference Appearance:** The Court will use its Zoom video conferencing account to host the CMC.[3] The Court's Zoom Guidelines are available on the Court's website at www.casd.uscourts.gov. The Guidelines provide certain mandatory procedures that must be followed prior to the CMC. Counsel shall read the Guidelines and abide by all the Court's requirements, including, but not limited to, the requirement of **emailing participant information** to the Court one week prior to the conference.

3. **Federal Rule of Civil Procedure 26:** The parties are ordered to comply with Federal Rule of Civil Procedure 26 as follows:

    a. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) no later than **September 8, 2025**;

    b. The parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A-D) on or before **September 22, 2025**. **The parties must exchange actual copies of all documents required to be disclosed under Rule 26(a)(1)(A)(ii)-(iv). Providing "a description by category or location" is not sufficient**[4]; and

    c. The parties shall file a Joint Discovery Plan on the CM/ECF system no later than **September 22, 2025**. The required contents of the Joint Discovery Plan are set forth in the Court's Chambers Rules.

---

[3] The parties may request the ENE and CMC be converted to an in-person conference informally by placing a joint call to chambers or lodging a joint email to efile_Ferraro@casd.uscourts.gov. Counsel must meet and confer prior to any such request.

[4] The purpose of making these disclosures prior to the ENE is to facilitate settlement discussions by the parties, and the parties may not stipulate around this requirement without leave of Court. If any party wants a protective order in place prior to making initial disclosures, **that party must move for a protective order prior to the deadline for making initial disclosures**. Not having a protective order in place shall **not** be good cause for failing to make any initial disclosures.

4.     **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel shall give notice of the CMC and provide a copy of this Order to parties responding to the complaint after the date of this notice.

Questions regarding this case or this Notice and Order may be directed to Judge Ferraro's law clerk at (619) 557-6627.

**IT IS SO ORDERED.**

Dated:  August 25, 2025

Hon. D. Thomas Ferraro
United States Magistrate Judge

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.